IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID GONZALEZ FERRER [8],<br><br>Defendant. | CRIMINAL NO.   15-612 (PAD) |

**REPORT AND RECOMMENDATION**

Defendant David González Ferrer [8] was charged in Counts One and Ten of an Indictment and he agreed to plead guilty to Counts One and Ten of the Indictment. Count One charges that, from in or about July 2014 through in or about April 2015, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, the defendant herein, did knowingly and willfully combine, conspire, confederate and agree, with the defendants, and with others known and unknown to the Grand Jury, to commit an offense contained in Chapter 63, of Title 18, of the United States Code, namely to knowingly execute a scheme and artifice to defraud and to obtain money from Banco Popular de Puerto Rico, which is a federally insured financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain monies and funds owned by and under the custody and control of this financial institution, in violation of Title 18, United States Code, Sections 1344 and 1349.

Count Ten charges that, on or about April 15, 2015, in the District of Puerto Rico, the defendant herein, for the purpose of executing a scheme and artifice to defraud Banco Popular, and to obtain moneys, funds, credits, assets, securities, and other property owned by, or under the custody or control of Banco Popular, a financial institution

United States of America v. David González Ferrer [8]
Criminal No. 15-612 (PAD)
Report and Recommendation
Page 2

insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations, and promises, aiding and abetting each other, did knowingly and fraudulently produce and negotiate manager's check #103131700010711 in the amount of $8,800 in violation of 18 U.S.C. § 1344.

On March 28, 2016, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Counts One and Ten of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Counts One and Ten, he was examined and verified as being correct that: he had consulted with his counsel, Jorge E. Rivera-Ortíz, prior to the hearing for change of plea, that he was

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.   He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt.   Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.   Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. Defendant understands that in relation to Counts One and Ten of the Indictment, the defendant may be sentenced to a term of imprisonment not to exceed thirty (30) years, a fine not to exceed One Million Dollars ($1,000,000.00), and not more than three (3) years of supervised release. 18 U.S.C. §§ 1344; 1349; 3559(a)(2); 3583(b)(1)(Class B Felony).

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a), for a total of two hundred dollars ($200.00).

Defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order Defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered. The Court may also impose restitution.

The United States and Defendant have agreed that [8] David González Ferrer shall be ordered to pay restitution to Banco Popular de Puerto Rico in the amount of $8,800.00

minus any amount already paid by [8] David González Ferrer to Banco Popular de Puerto Rico on loan number XXX-XXX-XXXX693-0101. The parties agree that any request by Defendant for restitution below this amount will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement (Pursuant to Rule 11(c)(1)(A) & (B) FRCP)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Counts One and Ten, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

<u>United States of America v. David González Ferrer [8]</u>
Criminal No. 15-612 (PAD)
Report and Recommendation
Page 6

---

The above-captioned parties' estimate and agreement that appears on pages four (4) and five (5), paragraph eight (8) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. For Counts One and Ten pursuant to U.S.S.G. § 2B1.1(a)(1), the Base Offense Level is of Seven (7). Pursuant to U.S.S.G. § 2B1.1 (b)(1)(B), an increase of two (2) levels is agreed for stipulated loss of $8,800. Pursuant to U.S.S.G. § 3E1.1(a), a decrease of two (2) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Seven (7), yielding an imprisonment range of zero (0) to six (6) months assuming a Criminal History Category of I; one (1) to seven (7) months assuming a Criminal History Category of II; and four (4) to ten (10) months assuming a Criminal History Category of III.

For purposes of the recommended sentencing guideline calculation, the parties have agreed to a stipulated loss amount of $8,800.00. The parties agree that they will recommend a sentence of imprisonment within the applicable guideline range at a Total Offense Level of Seven (7).

For example, if the Defendant has a Criminal History Category of One, the parties will recommend a total sentence between 0-6 months of imprisonment.

Defendant agrees that this sentence recommendation is reasonable pursuant to Title 18, <u>United States Code</u>, Section 3553(a). The parties further agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea Agreement.

The parties do not stipulate as to any Criminal History Category for defendant.

The United States and the defendant agree that no further adjustments or departures to the defendant's total adjusted base offense level and no variance sentence under 18 USC § 3553 shall be sought by the parties. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Stipulation of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.  Defendant was able to understand the explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

United States of America v. David González Ferrer [8]
Criminal No. 15-612 (PAD)
Report and Recommendation
Page 8

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph eleven (11) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

<u>United States of America v. David González Ferrer [8]</u>
Criminal No. 15-612 (PAD)
Report and Recommendation
Page 9

Defendant waived the reading of the Indictment in open court because he is aware of its content. Defendant indicated he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Counts One and Ten was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Counts One and Ten of the Indictment in Criminal No. 15-612 (PAD).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One and Ten of the Indictment in Criminal No. 15-612 (PAD).

IT IS SO RECOMMENDED.

The sentencing hearing will be set by Honorable Pedro A. Delgado, District Court Judge.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). <u>See</u> <u>also</u> Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986). See <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988).

United States of America v. David González Ferrer [8]
Criminal No. 15-612 (PAD)
Report and Recommendation
Page 10

---

In San Juan, Puerto Rico, this 29th day of March of 2016.

          s/ CAMILLE L. VELEZ-RIVE
          CAMILLE L. VELEZ-RIVE
          UNITED STATES MAGISTRATE JUDGE